FILED
United States Court of Appeals
Tenth Circuit

**January 28, 2010**

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

ANDREW PHILIP ELLIOTT,

      Petitioner - Appellant,

v.

JAMES E. ABBOTT; ATTORNEY
GENERAL OF THE STATE OF
COLORADO,

      Respondents - Appellees.

No. 09-1460

(D. Colorado)

(D.C. No. 07-cv-00835-REB-KMT)

**ORDER DENYING
CERTIFICATE OF APPEALABILITY**[*]

Before **HARTZ**, **ANDERSON**, and **TYMKOVICH**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist in the determination

of this proceeding. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case

is therefore ordered submitted without oral argument.

Petitioner Andrew Philip Elliott, proceeding *pro se*, seeks a certificate of

appealability ("COA") to enable him to appeal the district court's orders denying

---

[*]This order is not binding precedent except under the doctrines of law of
the case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

his application for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, and denying his motion to reconsider. He also seeks to proceed on appeal *in forma pauperis ("ifp").* For the following reasons, we deny Mr. Elliott's application for a COA and his request to proceed on appeal *ifp*, and we dismiss this appeal.

On September 2, 1998, a jury convicted Mr. Elliott of two counts of second degree burglary, one count of felony theft, and one count of misdemeanor theft. After determining that he was an habitual criminal, the court sentenced him to forty-eight years' imprisonment. The Colorado Court of Appeals affirmed Mr. Elliott's conviction, and the Colorado Supreme Court denied his application for a writ of certiorari.

On September 4, 2001, Mr. Elliott filed a motion for post-conviction relief under Colo. R. Crim. P. 35(c) raising, among other issues, various allegations of ineffective assistance of counsel, including the same allegations he raises in this case.[1] On November 29, 2001, the trial court denied Mr. Elliott's motion. Mr. Elliott did not appeal that denial; instead, he filed another post-conviction motion raising issues unrelated to those raised in this case. In April 2002, the trial court also denied this motion.

---

[1]In this appeal, Mr. Elliott argues the trial court violated his due process rights in a variety of ways, including failing to establish an adequate factual basis for the charges against him, failing to conduct a competency hearing, and allowing a mentally incompetent person to be subjected to trial. He also argued his counsel was ineffective. His brief contains many conclusory allegations, and very few citations to any applicable legal authority. In his 2001 post-conviction petition, he claimed his counsel was ineffective in his trial preparation.

Mr. Elliott then appealed the trial court's denial of both motions. After affirming the trial court's ruling as to the April 2002 post-conviction motion, the Colorado Court of Appeals held that review of Mr. Elliott's appeal of the September 2001 post-conviction motion was barred for failure to file a timely notice of appeal under Colorado Appellate Rule 4(b)(1). On June 14, 2004, Mr. Elliott sought certiorari review of the Court of Appeals' ruling on the April 2002 motion. He did not seek review of the Court of Appeals' decision that any appeal of the September 2001 motion was untimely. The Colorado Supreme Court denied certiorari on September 27, 2004.

In December 2004, Mr. Elliott filed a third post-conviction motion alleging ineffective assistance of counsel, arguing that his trial counsel failed to adequately prepare for trial and that his counsel failed to argue that Mr. Elliott was mentally deficient at the time he committed the crimes of conviction. The Colorado Court of Appeals affirmed, although on a different ground. The court found that Mr. Elliott's motion was barred as successive under Colo. R. Crim. P. 35(c)(3)(VI), inasmuch as it raised the same or similar issues as Mr. Elliott's prior post-conviction motions. The Colorado Supreme Court again denied Mr. Elliott's petition for certiorari.

Mr. Elliott filed this petition on April 4, 2007, once again claiming that his trial counsel was ineffective, this time concerning his trial preparation. Mr. Elliott claims that he appealed this issue following the trial court's denial of

his first post-conviction motion. The matter was referred to a magistrate judge, who recommended that Mr. Elliott's habeas application be denied and the action be dismissed with prejudice. The magistrate judge concluded that:

> the ineffective assistance of counsel claims raised in Petitioner's present Application are duplicative of the claims raised in his September 2001 postconviction motion. Thus, the Colorado Court of Appeals' holding that Petitioner defaulted his September 2001 postconviction motion by failing to comply with [Colo. App. R.] 4(1)(b) constitutes an independent and adequate state ground to bar this court from reviewing his present Application.

Recommendation of Magistrate Judge at 7, R. Vol. 1 at 194. The magistrate judge then found no applicable exception to the procedural default rule it just applied. Finally, the magistrate judge concluded that, "to the extent that [Mr. Elliott's] Application raises the claims asserted in his December 2004 post conviction motion, those claims are barred here for failure to comply with Colorado's rule barring successive post conviction motions" and that any argument that his counsel was ineffective for failing to offer a "not guilty by reason of insanity" plea is barred because Mr. Elliott failed to raise it in his habeas application. Id. at 196.[2] Mr. Elliott made no objections to the magistrate judge's recommendation.

The district court adopted the magistrate judge's recommendation and denied Mr. Elliott's habeas petition. The court also denied Mr. Elliott's motion to

---

[2]In his habeas application in the district court, he only argued his trial counsel was ineffective in failing to adequately prepare for trial.

reconsider.[3]  The district court then denied Mr. Elliott a COA, and denied his request to proceed on appeal *ifp*.[4]  Mr. Elliott accordingly asks us to issue a COA and to grant him permission to proceed on appeal *ifp*.

The grant of a COA is a jurisdictional prerequisite to Mr. Elliott's appeal from the denial of his 28 U.S.C. § 2254 petition.  Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).  To be entitled to a COA, Mr. Elliott must make "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  When, as here, the district court dismisses a § 2254 petition on procedural grounds, we may issue a COA only if "jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Slack v. McDaniel, 529 U.S. 473, 484 (2000).

---

[3]Mr. Elliott's motion was technically a motion to alter or amend the judgment, pursuant to Fed. R. Civ. P. 59(e).  The district court viewed it as a motion to reconsider.

[4]We note an anomaly on this point.  In the order denying Mr. Elliott a COA, the district court stated that "[t]he court will not issue a certificate of appealability in this action because no final order has been entered." Order Denying Certificate of Appealability at 1, R. Vol. 1 at 220.  Judgment was entered on July 30, and the district court's order denying Mr. Elliott's Rule 59(e) motion for reconsideration was entered on September 28.  The order denying COA was entered on October 20, after the order denying Mr. Elliott's Rule 59(e) motion.  However, we can discern the district court's view of the merits of Mr. Elliott's appeal from its denial of *ifp* status on appeal, in which the court denied *ifp* status because "this appeal is not taken in good faith because applicant has not shown the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal.'  Order Denying Leave to Proceed In Forma Pauperis on Appeal at 1, R. Vol. 1 at 222.

In evaluating whether Mr. Elliott has satisfied his burden, we must undertake "a preliminary, though not definitive, consideration of the [legal] framework" applicable to each of his claims. Id. at 338. Although Mr. Elliott need not demonstrate that his appeal will succeed in order to be entitled to a COA, he must "prove something more than the absence of frivolity or the existence of mere good faith." Id.

We have carefully reviewed Mr. Elliott's brief, the district court's orders and the entire record in this case. For substantially the reasons set forth in the magistrate judge's recommendation, subsequently adopted by the district court, we conclude that Mr. Elliott's petition is procedurally barred and he is therefor not entitled to a COA. We also deny his request to proceed on appeal *ifp*.

For the foregoing reasons, we DENY Mr. Elliott's request for a COA and for permission to proceed *ifp*, and we DISMISS this matter.

ENTERED FOR THE COURT


Stephen H. Anderson
Circuit Judge

-6-